# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Plaintiff,         :        Case No. 3:14-cv-226

                                    District Judge Walter Herbert Rice
   -vs-                             Magistrate Judge Michael R. Merz
                              :

JUDGE DALE CRAWFORD,

      Defendant.

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9). The Motion should be denied for at least the following reasons:

1.     Plaintiff has not yet obtained valid service of process on Defendant Judge Dale Crawford, as set forth in the Order Quashing Service of Process (Doc. No. 7).  In response to that Order, Easterling filed his "Plaintiff's Notice of the Court's Quashing Service of Process Being Void." Easterling is advised that the order of a Magistrate Judge on a nondispositive matter such as the propriety of service of process cannot be effectively declared "void" by a litigant.  Easterling's remedy if he believes the Order Quashing Service is legally incorrect is to file objections to Judge Rice.  However, until Judge Rice reverses or modifies that Order, it remains the act of this Court.

      In his Notice Plaintiff asserts that the service he made on July 14, 2014 is valid because Ohio R. Civ. P. 4.2(O) permits service

> **(O)** Upon any governmental entity not mentioned above by serving the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

The errors in that analysis are twofold.

First of all, Easterling asserts that something he calls "the stripping doctrine" prevents Judge Crawford from claiming judicial immunity (Complaint, Doc. No. 1, PageID 4). However, he goes on to demand damages from Judge Crawford in the amount of $6.9 million. This demand makes it clear he is suing Judge Crawford personally and not the Greene County Common Pleas Court as a "governmental entity."

Second, the service purportedly made on Judge Crawford on July 14, 2014, was made by Easterling personally. However, Fed. R. Civ. P. 4(c)(2) prohibits a party from making service personally.

2. Even if the purported service were valid, the time for Judge Crawford to answer under Fed. R. Civ. P. 12 has not yet expired.

3. The Motion makes numerous assertions of fact which are not supported by evidence of the type and quality required for a summary judgment motion under Fed. R. Civ. P. 56(c). Plaintiff also makes numerous references to exhibits, but there are no exhibits attached to the Motion.

4. The relief sought at the conclusion of the Motion is that Judge Crawford's judgment in Greene County Common Pleas Case No. 2010-cv-1267 be reversed (Motion, Doc. No. 9, PageID 54. As Plaintiff has been repeatedly advised by this Court in prior cases, a federal district court is forbidden even to consider reversing the decision of a state court by the decisions of the United States Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist.*

*Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983). Those decisions remain binding law in this Court no matter how many times Mr. Easterling asserts the contrary.

The Motion for Summary Judgment should therefore be DENIED.

August 6, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).