IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Plaintiff,      :      Case No. 3:14-cv-226

                                District Judge Walter Herbert Rice
  -vs-                            Magistrate Judge Michael R. Merz
                          :

JUDGE DALE CRAWFORD,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 18) and Plaintiff's Motion for Summary Judgment (Doc. No. 25). For the reasons set forth below, Defendant's Motion should be GRANTED and Plaintiff's Motion should be DENIED.

**Motion to Dismiss**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In the Complaint, Easterling alleges Judge Crawford deprived him of equal protection of the law in the way in which Judge Crawford granted summary judgment to Union Savings Bank, the defendant in Case No. 2010-cv-1267 in the Greene County Common Pleas Court (Complaint,

1

Doc. No. 1, PageID 9).[1]  In doing so, Judge Crawford allegedly violated 42 U.S.C. § 1985.  *Id.*

Easterling poses what he refers to as Federal Question #1:

> Did the court as presided over by the Defendant in case 2010 cv 1267 violate the Petitioner's rights under Civ. R. 56 and the Fourteenth Amendment when the Defendant granted summary judgment, to defendant Union Savings Bank, when there were genuine issues which existed when all evidence and [sic] was examined by the court and the absence of certain evidence created genuine issues where the violation of Rule 56 confirms the violation of title 42 U.S.C. 1985.

*Id.*  As relief, Easterling prays for the following:

> • ANSWER THE FEDERAL QUESTION
>
> • AUTHOR AN ORDER REQUIRING A REVERSAL OF THE COURT'S DECISION IN THE COUNTERCLAIM (2010 cv 1267) WITH RULE 56 AND REQUIRING THE REVERSAL OF THE DISMISSAL IN THE BASE CASE (2010 CV 1267) WHICH WAS FRAUDULENTLY DISMISSED DUE TO RES JUDICATA AND THE IMMEDIATE AWARD OF THE DAMAGES PRAYED FOR(6.9 MILLION).

*Id.* at PageID 10.

**Individual or Official Capacity**

The Complaint does not make clear whether Judge Crawford is sued in his official or individual capacity.  In his Notice of the Court's Quashing Service of Process Being Void, Easterling asserts he is suing Judge Crawford as a state actor (Doc. No. 8, PageID 37).  On the same page, he asserts he is suing the Greene County Common Pleas Court as an entity, thus

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

making service on the Greene County Clerk of Courts proper, according to Easterling.

In recommending that Easterling's first Motion for Summary Judgment be denied, the Magistrate Judge noted that Easterling had claimed in the Complaint that something he calls the "stripping doctrine" deprived Judge Crawford of any judicial immunity defense and then had made a demand for $6.9 million in damages (Motion for Summary Judgment, Doc. No. 9); (Report and Recommendations on Summary Judgment, Doc. No. 10). In his Objections to that Report, Easterling writes:

> This not a complaint for damages, therefore, there is no immunity defense. The complaint is in reference to the Defendant's Performance in the counterclaim in 2010 cv 1267 and the instant complaint Prays for the Defendant to reverse his judgment and order the Defendant In 2010 cv 1267, Union Savings Bank, to pay the Plaintiff 6.9 million in damages as was prayed for in the initial case 2010 cv 1267.

(Doc. No. 11, PageID 63).  If Easterling is taken at his word in those Objections, then there is no damages claim against Judge Crawford.

If, however, Easterling changes his mind and asserts that he has made a damages claim against Judge Crawford, that claim against Judge Crawford in his personal capacity is barred by judicial immunity.

The common law of absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 335, 355  (1872).  It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978).  The immunity is lost only when judges act in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 362;   *King v. Love*, 766 F.2d 962 (6th  Cir. 1985);  *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981).  Only absence of subject matter jurisdiction vitiates immunity, not absence of personal jurisdiction.  *Holloway v. Brush*, 220 F.3d 767 (6th

3

Cir. 2000)(en banc).

While immunity does not encompass administrative acts of judges, *Forrester v. White*, 484 U.S. 219 (1988), it does extend even to a case where a judge is alleged to have ordered police to use excessive force to bring a public defender before the court since the act allegedly done was within judicial capacity and in aid of jurisdiction. *Mireles v. Waco,* 502 U.S. 9 (1991). When a plaintiff alleges that a judge acted in a non-judicial capacity, the Sixth Circuit relies "on a functional analysis to determine which acts are protected, meaning that one must determine whether the actions are truly judicial acts or 'acts that simply happen to have been done by judges.'" *Mann v. Conlin*, 22 F.3d 100, 103-4 (6th Cir. 1994), *quoting Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989)(*quoting Forrester*, 484 U.S. at 227). "Paradigmatic judicial acts' are those that involve resolution of disputes "between parties who have invoked the jurisdiction of a court. . . ." *Forrester,* 484 U.S. at 227.

While subject matter jurisdiction may be narrowly construed for other purposes, when the issue is judicial immunity, it is to be broadly construed. *Duty v. City of Springdale, Arkansas,* 42 F.3d 460, 461 (8th Cir. 1994). Conversely, exceptions to judicial immunity are to be narrowly construed. *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). A judge does not act in the clear absence of all jurisdiction if he or she merely acts in excess of his or her authority. *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (N.D. Ohio 1984). A judge remains immune when his court has subject matter jurisdiction, even if he has lost personal authority to decide the case by virtue of the filing of an affidavit of disqualification. *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2001).

Easterling's allegations against Judge Crawford allege only judicial acts – deciding a motion for summary judgment – and do not allege that making the decision was outside the judge's jurisdiction, but merely that it was wrong, in legal or constitutional error.

4

Any claim against Judge Crawford in his personal capacity for money damages is barred by judicial immunity and should be dismissed with prejudice.

Any claim for money damages against the Greene County Common Pleas Court as an entity is barred by sovereign immunity. That court is created by state law and is an arm of the State of Ohio. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). As such, any suit against it cannot be brought in federal court by virtue of the Eleventh Amendment which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

**Injunctive Relief**

The Eleventh Amendment does not bar injunctive relief against Judge Crawford or against the Greene County Common Pleas Court. *Ex parte Young*, 209 U.S. 123 (1908); *Cory v. White*, 457 U.S. 85 (1982); *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir. 1995). However, the particular injunctive relief Easterling seeks – the reversal of Judge Crawford's decision in *Easterling v. Union Savings Bank* – is barred by another limitations on our jurisdiction, the *Rooker-Feldman* doctrine.[2]

When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of*

---

[2] For reasons probably related to proof reading, Defendant refers to this seven times as the Ro**c**ker-Feldman doctrine (Motion, Doc. No. 19, PageID 90-91).

*Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

Easterling makes no attempt to show that this case is outside the *Rooker-Feldman* doctrine. He could hardly do so since his demand for judgment directly asks this Court to set aside a judgment of the Greene County Common Pleas Court.

Instead, Easterling asserts the *Rooker-Feldman* doctrine is unconstitutional  Easterling bases his argument on *Martin v. Hunter's Lessee,* 14 U.S. 304 (1816), and *Cohens v. Virginia*, 19 U.S. 264 (1821). In *Martin*, the Supreme Court upheld the constitutionality of § 25 of the Judiciary Act of 1789 which gave the Supreme Court appellate jurisdiction over appeals from state court systems. *Cohens* is to the same effect even when a State is a defendant. Easterling argues that, because these cases are prior to *Rooker* and *Feldman*, they are of superior authority and still binding under the doctrine of *stare decisis* (Response, Doc. No. 24, PageID 111).

Easterling is correct that *Martin* and *Cohens* are still good law. However, they are completely consistent with *Rooker* and *Feldman*. The prior cases both concern the jurisdiction of the United States Supreme Court. *Rooker* and *Feldman* deny jurisdiction to the federal district courts to interfere with a final judgment of the state courts. In *Rooker*, Justice Van Devanter wrote:

> Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended September 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24.

263 U.S. at 416. In other words, to obtain federal court review of the constitutionality of the

6

decision of the Greene County Court of Common Pleas, Easterling would have had to appeal up through the Ohio courts and eventually seek United States Supreme Court review by writ of certiorari.  That process cannot be short-circuited by going from an Ohio Common Pleas court to a federal district court.

The Magistrate Judge has cited this law to Easterling in a prior case against Judge Crawford, Case No. 3:13-cv-430. *Easterling v. Crawford*, 2014 U.S. Dist. LEXIS 13743, *26-27 (S.D. Ohio Feb. 4, 2014).  Indeed, at that point Easterling's repeated attempts to litigate these claims had been so repetitious that he was ordered to show cause why he should not be sanctioned under Fed. R. Civ. P. 11 for re-filing them. *Id.* at *47.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Complaint herein be dismissed with prejudice.  *A fortiori*, Easterling's Motion for Summary Judgment should be denied.

October 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).