## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

          Plaintiff,              :        Case No. 3:14-cv-226

                                          District Judge Walter H. Rice

     -vs-                           Magistrate Judge Michael R. Merz

                            :

JUDGE DALE CRAWFORD,

          Defendant.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECUSAL

---

This case is before the Court upon Plaintiff's Motion for Recusal of District Judge Walter Rice (Doc. No. 22).

Because a motion for recusal is directed to the judge sought to be recused, this Motion requires a recommendation from an assigned Magistrate Judge, rather than a decision, even though motions to recuse are not listed as dispositive in 28 U.S.C. § 636(b).

Easterling has filed no affidavit of the type required for recusal under 28 U.S.C. § 144 and has cited no acts of Judge Rice which would bring this case within 28 U.S.C. § 455(b). Instead, he makes it clear that he is proceeding under 28 U.S.C. § 455(a) which provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." (Motion, Doc. No. 22, PageID 97.)

The basis on which Easterling asserts Judge Rice's impartiality could reasonably be questioned is the Judge's August 1, 2014, Entry Barring Warren Easterling from the United

1

States Courthouse and Federal Building at 200 West Second Street, Dayton, Ohio. (*In re Warren Easterling Litigation*, Case No. 3:14-mc-11)(Entry attached to Motion, Doc. No. 22, PageID 100-02.) In that Entry Judge Rice made several findings of fact:

1.      That Easterling had repeatedly telephoned the office of the undersigned to express his growing frustration with the legal system;

2.      That Easterling has expressed similar sentiments at the Clerk of Court's Office;

3.      That Easterling, while being escorted in the building at the direction of the United States Marshal, had engaged in a "belligerent, verbal altercation" with Court Security Officers which came close to becoming a physical altercation;

4.      That Easterling had filed numerous lawsuits against a number of public officials, mostly judges in cases he has had in the Ohio court system, which had been or were about to be dismissed.

As a result, Judge Rice barred Easterling from physically entering the building and required him to file further papers by mail or electronically. The Marshal was ordered to arrest Easterling if he re-entered the building in violation of the order, absent permission from the Chief Judge of the Court. *Id.*

Easterling characterizes Judge Rice's Entry as "fraudulent" (Motion, Doc. No. 22, PageID 97), but never explains what he means by that claim. The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the

2

reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69, ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984). Easterling does not say how he was misled by the Entry and he does not in his Affidavit claim that any of the representations of fact in the Entry are false. The undersigned knows that the finding about repeated calls to the Magistrate Judge's chambers is true and that they continued after Easterling was asked and then told not to call. Such calls occurred while Easterling had cases pending before the undersigned and thus constituted improper ex parte contact. The undersigned also had repeated warnings from court security officers that Easterling was growing increasingly hostile upon repeated trips to the building.

Easterling complains in his Affidavit that no one filed suit to keep him from entering the building. (Doc. No. 22, PageID 103.) The undersigned believes that to be true. However, the authority of this Court to maintain order and security so the business of the Court can be conducted is not dependent on someone's filing suit. The provision of Court Security Officers to screen persons entering the building, including for any weapons, and to require them to provide photo identification was not then a result of any lawsuit, but rather based on an assessment of the risks to security faced by the judiciary.

The act of Judge Rice about which Easterling complains arose in the context of managing Easterling's litigation in this Court, fourteen cases in the last two years. In all of the cases with which the undersigned is acquainted, Easterling has attempted in one way or another to have this Court interfere with, enjoin, or reverse a state court judgment. Easterling has been repeatedly advised by the Court in formal filings that such action by a federal district court is barred by the *Rooker-Feldman* doctrine which provides that when a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without

3

subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985). The undersigned has seen Easterling express growing frustration that the Court will not accept his argument that *Rooker-Feldman* is unconstitutional. Given that increasingly vocal expression of frustration, it was only prudent of the Court through Judge Rice to take action to prevent physical confrontation.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra; Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis

> of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

510 U.S. at 555. Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995).

Because Judge Rice did what any prudent judge in his position would have done in barring Easterling from the courthouse, he is not disqualified for having entered the order. To do what any prudent judge would do under the circumstances would not cause a reasonable observer to think the judge was biased.

The Motion for Recusal should be denied.

November 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).