IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Plaintiff,  :  Case No. 3:14-cv-226

                                     District Judge Walter H. Rice
  -vs-                                Magistrate Judge Michael R. Merz
                                  :
JUDGE DALE CRAWFORD,

       Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RECUSAL

      This case is before the Court upon Plaintiff's Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations on Recusal (the "Report," Doc. No. 28).  District Judge Rice has recommitted the matter for reconsideration in light of the Objections (Doc. No. 30).

      The Report found the sole basis for Easterling's Motion to Recuse was Judge Rice's August 1, 2014, Entry Barring Warren Easterling from the United States Courthouse and Federal Building at 200 West Second Street, Dayton, Ohio. (*In re Warren Easterling Litigation*, Case No. 3:14-mc-11)("Entry.")  Easterling does not dispute that analysis and focuses his Objections on alleged deficiencies of the Entry.

      In the Motion to Recuse, Easterling never disputed the truth of any of Judge Rice's factual findings in the Entry.  The Report noted that fact and Easterling still has raised no factual disputes in his Objections.  Instead, he objects to the process which led to the Entry:  there was no hearing, Judge Rice acted on hearsay, Judge Rice had no jurisdiction to file the Entry,

1

Easterling is entitled to a presumption of innocence on the accusations made against him, etc. The premise of Easterling's argument is that a litigant can engage in hostile, disruptive, belligerent behavior which comes close to a physical altercation and the court sitting in the same building can do nothing to stop the behavior without initiation of formal proceedings.

The conduct which court security personnel reported to Judge Rice would have been sufficient to establish probable cause for Easterling's arrest for disorderly conduct. If court security officials had decided to proceed in that way rather than asking for a restraining order, Easterling could have been arrested on their hearsay statements. Instead, Judge Rice decided to proceed civilly.

Easterling has never challenged the Entry in the manner provided by law by appealing to the Sixth Circuit Court of Appeals. Instead he reportedly challenged the Entry by defying it as is charged in the Information in *United States v. Easterling*, Case No. 3:14-po-49.

The Report recites the governing standard that recusal must almost always be based on extrajudicial conduct. Easterling does not dispute that standard nor point to any extrajudicial facts warranting recusal, except insofar as he asserts Judge Rice acted without jurisdiction, an assertion inconsistent with the Court's inherent power to maintain order.

The inherent power of courts, including the federal courts, to maintain order as a necessary condition for the fair administration of justice has been recognized since the earliest days of the Republic. *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32, 34 (1812). The Supreme Court has expressly recognized that this power extends to barring a disruptive criminal defendant from the courtroom even in the trial of his own case. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991), citing *Illinois v. Allen*, 397 U.S. 337 (1970). The Sixth Circuit has recognized the power extends to barring a vexatious litigant from filing new cases related to

prior actions. *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. 292 (6th Cir. 2001). Judge Rice filed the Entry in this case after reports from the Court Security Officers of increasing belligerence by Easterling. Use of the inherent power is, of course, subject to review for abuse of discretion. *Mitan, supra.* But nothing about a court's exercise of its inherent power to keep order in the courthouse implies that a judge entering an order to that effect is biased.

It is therefore again respectfully recommended that the Motion to Recuse be DENIED.

December 1, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).