IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


WARREN EASTERLING,                    :

       Plaintiff,                    :

       vs.                           :      Case No.  3:14cv226

DALE CRAWFORD, JUDGE                  :      JUDGE WALTER H. RICE

       Defendants.                   :

===============================================================

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #10),
RECOMMENDING THE OVERRULING OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. #9); PLAINTIFF'S OBJECTIONS TO SAID
JUDICIAL FILING (DOC. #11) OVERRULED; PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. #9) OVERRULED; DECISION AND ENTRY
ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE (DOC. #26), RECOMMENDING THAT DEFENDANT'S
MOTION TO DISMISS (DOC. #18) BE GRANTED AND PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DOC. #25) BE DENIED;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #27)
OVERRULED; DEFENDANT'S MOTION TO DISMISS (DOC. #18) GRANTED;
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #25)
OVERRULED; DECISION AND ENTRY ADOPTING INITIAL (DOC. #28) AND
SUPPLEMENTAL (DOC. #31) REPORTS AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE, RECOMMENDING THAT
PLAINTIFF'S MOTION TO RECUSE THE UNDERSIGNED (DOC. #22) BE
DENIED; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOC.
#29 AND #32) OVERRULED; PLAINTIFF'S MOTION TO RECUSE THE
UNDERSIGNED OVERRULED; JUDGMENT TO ENTER IN FAVOR OF
DEFENDANT AND AGAINST PLAINTIFF HEREIN; TERMINATION ENTRY

===============================================================


Based upon the reasoning and citations of authority set forth by the United States

Magistrate Judge in his multiple Reports and Recommendations (Doc. #10, #26, #28 and #31), as

well as upon a thorough review of this Court's file, of other litigation filed by this Plaintiff in this Court and of a review of the applicable law, the Reports and Recommendations of the United States Magistrate Judge (Doc. #10, #26 and #28 and #31) are each adopted in their entirety. The Plaintiff's Objections to said judicial filings (Doc. #11, #27, #29 and #32) are overruled. As a result, the Plaintiff's two Motions for Summary Judgment (Doc. #10 and #25) are overruled, Defendant's Motion to Dismiss (Doc. #18) is granted and Plaintiff's Motion to Recuse the undersigned (Doc. #22) is overruled.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.　　Plaintiff has filed repeated cases, many of them in an attempt to enjoin/reverse a decision of the Defendant, acting in his judicial capacity, as a visiting judge in the Court of Common Pleas of Greene County, Ohio. These lawsuits have been dismissed on a number of grounds, not the least of which are judicial immunity, *res judicata* and the Rooker-Feldman Doctrine. The Magistrate Judge has <u>thoroughly</u> explained why any one or more or all of these legal doctrines bar the Plaintiff's right to the relief sought. This has not deterred Plaintiff from filing, repeatedly filing, identical lawsuits, seeking the same relief, and meeting the same end at the hands of this District's judicial officers. For example: Judge Crawford might well have been totally in error in granting summary judgment against the Plaintiff in the Greene County litigation; however, right or wrong, he was acting within the scope of his judicial duties and cannot be sued in his individual capacity. Additionally, once a given lawsuit has been dismissed on specifically stated grounds, a second lawsuit, when the parties are identical, is, quite simply stated, barred by the doctrine of *res*

*judicata*.  Finally, the Rooker-Feldman Doctrine is <u>not</u> unconstitutional or, for that matter, wrongly applied in the Plaintiff's litigation.  While the District Court has <u>original</u> jurisdiction of federal question matters, pursuant to 28 U.S.C. § 1331, it has no <u>appellate</u> jurisdiction from state court judgments, unless and until the aggrieved litigant appeals the adverse state court decision up through the state court judicial system and then, should the matter have arisen under the Federal Constitution, he may seek *certiorari* with the United States Supreme Court.  Whether that court will hear Plaintiff's case depends on how it chooses to exercise its discretionary jurisdiction in that particular case.  To repeat, there is no appellate jurisdiction invested in a United States District Court from an adverse ruling of a state judge and/or state tribunal.   It is to be noted that, even <u>if</u> Plaintiff is waiving any and all damage claims against Defendant in his individual capacity, to the extent Plaintiff seeks to enjoin/reverse the decision of the Defendant, he is still attempting to invoke the <u>non-existent</u> appellate jurisdiction of this Court.

Judgment will be entered in favor of the Defendant and against Plaintiff herein.


The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


March 2, 2015                    _____
                                           WALTER H. RICE
                                  UNITED STATES DISTRICT JUDGE


-3-

Copies to:
Warren Easterling, *Pro Se*
Counsel of record