# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Plaintiff,      :      Case No. 3:14-cv-226

                                    District Judge Walter Herbert Rice
  -vs-                            Magistrate Judge Michael R. Merz

                              :

JUDGE DALE CRAWFORD,

      Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

      This case is before the Court on Plaintiff's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No.35). As a post-judgment motion, it is deemed referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

      The Judgment from which relief is sought was entered March 2, 2015 (Doc. No. 34). Because the instant Motion was filed within twenty-eight days after judgment, the time for appeal for all parties will begin to run only when the instant motion is decided. Fed. R. App. P. 4(a)(4)(A)(vi).

      Easterling brings his Motion under Fed. R. Civ. P. 60(b)(3) which provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Easterling does not claim any fraud on the Court by an opposing party, however, but asserts "fraud on the court by both

1

[District] Judge Rice and Magistrate [Judge] Merz who have behaved as aristocrats who believe they are above the law. Judge Rice and Magistrate Merz are participants in a conspiracy for the deprivation of rights." (Doc. No. 35, PageID 179).

Fraud on the court is defined as embracing "only that species of fraud which does or attempts to subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Thompson v. Bell*, 373 F.3d 688 (6th Cir. 2004), *quoting Demjanjuk v. Petrovsky*, 10 F.3d 338, 356 (6th Cir. 1993)(quoting 7 Moore's Federal Practice and Procedure ¶ 60.33). *Demjanjuk* at 348 defines fraud on the court as (1) conduct by an officer of the court, (2) directed towards the judicial machinery itself, that is (3) intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, is (4) a positive averment or concealment when one is under a duty to disclose, and that (5) deceives the court.

> Fraud on the court consists of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Carter [v. Anderson]*, 585 F.3d [1007] at 1011 (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). Petitioner has the burden of proving existence of fraud on the court by clear and convincing evidence. Id. at 1011-12 (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

*Johnson v. Bell*, 605 F.3d 333 (6th Cir. 2010). For the purposes of this case, Judge Rice is the Court – randomly assigned to preside and adjudge the case when Easterling filed it. The case automatically referred randomly to the undersigned pursuant to the Dayton General Order of Assignment and Reference because it was among those categories of cases thus automatically referred to one of the three Magistrate Judges at Dayton. Easterling has pointed to no conduct on

the part of the Magistrate Judge or any other court officer which was intended to deceive Judge Rice in deciding the case.

Instead, Easterling's claim relates to the Entry of August 1, 2014, in *In re Warren Easterling Litigation*, Case No. 3:14-mc-11 in which Judge Rice, on complaint of Court Security Officers, barred Easterling from physically entering the courthouse at 200 West Second Street, Dayton, without the prior written permission of the Chief Judge of this Court (Copy attached to Doc. No. 35 as Exhibit 1)[1]. Easterling avers that, pursuant to Judge Rice's Entry, he was arrested on August 4, 2014, attempting to enter the building. He alleges that the Entry and his arrest "render Judge Rice and Magistrate Merz incapable of being disinterested in the outcome of Plaintiff's cases." (Doc. No. 35 at PageID 174).

Easterling's attempted entry into the courthouse has indeed resulted in trespass charges against him in *United States v. Easterling*, Case No. 3:14-po-049, assigned to Chief Magistrate Judge Ovington which has not yet been tried. The validity of Judge Rice's Entry can presumably be tested in that case, but the Entry has not yet been found invalid by any court. But whether or not the order is valid, its issuance did not constitute a "fraud on the court" by either Judge Rice or Magistrate Judge Merz.

The question of whether the Entry is somehow "fraudulent" and requires Judge Rice's recusal in this case has already been thoroughly discussed in two Reports which Judge Rice adopted (Doc. Nos. 28 and 32). If that decision is in error, Easterling has a plain and simple remedy by way of appeal to the Sixth Circuit from Judge Rice's final judgment. It is well established that Rule 60(b) is not to be used as a substitute for appeal. *Polites v. United States*,

---

[1] To the extent Easterling is complaining about that portion of the Entry in which Judge Rice evinced an intention to declare Easterling a vexatious litigator, no order to that effect has been filed. The recommendation to impose that sanction on Easterling was made by the undersigned in a Supplemental Report in *Easterling v. Crawford*, Case No. 3:13-cv-430 on February 20, 2014. That case remains pending on Easterling's Objections.

3

364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950).

Easterling's second argument for relief from judgment is that Judge Rice was in error accepting the Magistrate Judge's conclusions that (1) the *Rooker-Feldman* Doctrine bars this Court from exercising jurisdiction over Easterling's claims related to the judgment of the Greene County Common Pleas Court. Easterling makes no new argument on this point in his Rule 60(b)(3) Motion; he merely repeats arguments which have been rejected by this Court repeatedly. If Easterling believes this Court is in error, he has a plain and adequate remedy by way of appeal to the Sixth Circuit and he can be assured that all judicial officers of this Court will accept whatever the Sixth Circuit decides on that question with perfect equanimity.

**Conclusion**

It is therefore respectfully recommended that Plaintiff's Motion for Relief from Judgment be DENIED.

March 30, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

4

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).