# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Plaintiff,            :       Case No. 3:14-cv-226

                                             District Judge Walter H. Rice

    -vs-                        Magistrate Judge Michael R. Merz

                               :

JUDGE DALE CRAWFORD,

      Defendant.

---

# REPORT AND RECOMMENDATIONS

---

      This case is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 43).

      Judgment was entered in this case on March 2, 2015.  In his Decision, District Judge Rice wrote:

> Plaintiff has filed repeated cases, many of them in an attempt to enjoin/reverse a decision of the Defendant, acting in his judicial capacity, as a visiting judge in the Court of Common Pleas of Greene County, Ohio. These lawsuits have been dismissed on a number of grounds, not the least of which are judicial immunity, *res judicata* and the Rooker-Feldman Doctrine. The Magistrate Judge has <u>thoroughly</u> explained why any one or more or all of these legal doctrines bar the Plaintiff's right to the relief sought. This has not deterred Plaintiff from filing, repeatedly filing, identical lawsuits, seeking the same relief, and meeting the same end at the hands of this District's judicial officers.

(Decision and Entry ECF No. 33, PageID 168, emphasis sic.)  Undeterred by this strong commentary on the frivolousness of his filings, Plaintiff filed his first Motion for Relief from

Judgment (ECF No. 35).  The Magistrate Judge recommended that Motion be denied because Easterling attempted to litigate there his complaint about being physically barred from the courthouse and he had not shown any error in application of the *Rooker-Feldman* doctrine to his case (Report and Recommendations, ECF No. 36).  Judge Rice adopted that Report over Plaintiff's objections (Decision and Entry, ECF No. 38).  Easterling responded with this second Motion for Relief from Judgment (ECF No. 39).  The Magistrate Judge recommended that Motion be denied on the same basis as the first Motion because it repeated the same arguments (Report and Recommendations, ECF No. 40, PageID 210).  Judge Rice adopted that Report on November 19, 2015 (ECF No. 42).  It has taken Plaintiff only five days to file his third Motion for Relief from Judgment (ECF No. 43).

Despite some window dressing of accusing judicial officers of this Court of criminal conspiracy, obstruction of justice, and deprivation of rights, Easterling's argument is essentially the same:  the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983), are unconstitutional because they purport to prevent the exercise of jurisdiction by a district court under 28 U.S.C. § 1331 to review the correctness of a state court decision.

If this Court is incorrect in its reading of the law, Easterling has a plain and simple remedy:  appeal to the Sixth Circuit and eventually to the Supreme Court if, in his opinion, the Sixth Circuit also gets it wrong.  The Court has recommended that course of action to Mr. Easterling on numerous occasions, but he steadfastly refuses to take it.  Instead, he keeps filing repetitive motions before the same judges he accuses of conspiring to deny him his rights.

The instant Motion is without merit for the same reasons as the prior Rule 60(b) motions and should be DENIED on that basis.

Furthermore, the Magistrate Judge recommends District Judge Rice issue an order to Mr. Easterling under Fed. R. Civ. P. 11 to show cause why he should not be sanctioned for continuing to file frivolous motions.  Easterling's repeated Rule 60(b) motions in this and other cases appear to be his preferred way of forcing this Court and its clerical and security personnel to waste time, energy, and attention on him.  All persons within this country have a constitutional right of access to the courts, but persons who abuse that right by filing libelous, frivolous, or harassing matter should be sanctioned for doing so, both by fine and preventive relief.

November 25, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).