# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Plaintiff,      :      Case No. 3:14-cv-226

                                          District Judge Walter Herbert Rice
  -vs-                                Magistrate Judge Michael R. Merz

                            :

JUDGE DALE CRAWFORD,

      Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's fourth Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(ECF No. 48). As a post-judgment motion, it is deemed referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

The judgment from which relief is sought was entered March 2, 2015 (ECF No. 34).

Easterling brings his Motion under Fed. R. Civ. P. 60(b)(3) which provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." As in his prior Motions, Easterling does not claim any fraud on the Court by an opposing party, however, but asserts he "will not accept any entry from this court in the above referenced matter due to Judge Walter Rice, accompanied by Magistrate Merz having committed criminal acts against the Plaintiff which include obstruction of justice and deprivation of rights where these acts confirm the

1

Plaintiff's right to an independent, unbiased disinterested judiciary have been violated continuously." (ECF No. 48, PageID 247).

For the most part, Plaintiff repeats the arguments he has previously made that 28 U.S.C. § 1331 entitles him to a decision on the merits despite the *Rooker-Feldman* doctrine. Plaintiff refuses to accept that the Supreme Court's decisions in the *Rooker* and *Feldman* cases required the dismissal of this case for lack of subject matter jurisdiction and also has refused to seek appellate review of the dismissal. It would be useless to repeat the analysis.

It is therefore respectfully recommended that the Motion be denied on the same basis as the prior three Motions for Relief from judgment.

The Magistrate Judge notes that in recommending denial of Plaintiff's third motion for relief from judgment on this basis, he recommended issuance of a show cause order under Fed. R. Civ. P. 11 (Report and Recommendations, ECF No. 44, PageID 228). Plaintiff objected (ECF Nos. 45, 46) and the District Court has adopted the Report and Recommendations, but no show cause order has issued as of this date (ECF No. 47). The Magistrate Judge again urges the Court to use its authority under Fed. R. Civ. P. 11 to sanction and stop Plaintiff's abuse of the judicial process.

January 4, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).